NELSON MULLINS

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________
DATE FILED: 10/30/2026

Tammy J. Terry
Attorney
T (346) 646-5389
tammy.terry@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AND COUNSELORS AT LAW
Heritage Plaza
1111 Bagby Street, Suite 2100
Houston, TX 77002
T:(346) 646-6670 F (346) 241-3758
nelsonmullins.com

October 29, 2026

***Via* ECF**

Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Bellesa Enterprises, Inc. v. LH Topco S.À.R.L., et al.*, *Case No. 1:26-cv-05857-CM*

MEMO ENDORSED

10/30/2026
(1) No need for a hearing on this motion. I may well decide this on the papers. (2) Stay granted. I left it to order jurisdictional discovery after reviewing the motion papers.
CM

Dear Judge McMahon:

Pursuant to Local Civil Rule 7.1(e), Federal Rules of Civil Procedure 16(b)(4) and 26(c)(1), and Part V.H of Your Honor's Individual Practices, Defendants LH Topco S.À.R.L., Lovehoney Group Germany GmbH, Lovehoney Group US Trading Limited, Lovehoney Group UK Limited, and Lovehoney Group US Retail, LLC (collectively, "Defendants") move to stay discovery and all case deadlines until fourteen days after the Court decides Defendants' fully briefed motion to dismiss Plaintiff's First Amended Complaint (the "Motion"). See ECF Nos. 48-51, 58-63. If the Court is not inclined to stay the case, Defendants alternatively request a ninety-day extension of each remaining deadline in the Civil Case Management Plan. See ECF No. 44. This is Defendants' first request for a stay or any modification of the case schedule, and Defendants are making it before the first upcoming deadline. Defendants conferred with counsel for Plaintiff on October 28 and 29, 2026 regarding this request. Plaintiff has not stated its position.

The timing matters. The Motion has been fully submitted since October 19, 2026. Defendants moved on September 18, 2026 to dismiss the First Amended Complaint under *forum non conveniens*, Rule 12(b)(2), and Rule 12(b)(6). ECF Nos. 48-51. They did so weeks before their answer deadline, which the parties had agreed would not run until October 22, 2026. Plaintiff opposed and submitted declarations from its Canadian counsel and Chief Operating Officer. ECF Nos. 58-60. Defendants replied with supplemental declarations on October 19, 2026. ECF Nos. 61-63. Briefing therefore closed before Defendants' agreed answer deadline even passed. No party has served discovery requests, and no deposition has been noticed. Yet under the current Civil Case Management Plan, Rule 26(a) disclosures are due November 5, 2026; joinder and amendment close December 5, 2026; Plaintiff's expert reports are due December 15, 2026; Defendants' expert reports are due January 15, 2027; all discovery closes February 6, 2027; and the joint pretrial order is due March 23, 2027. ECF No. 44 ¶¶ 4-8, 11. Without a stay, the parties

Case 1:26-cv-05857-CM Document 64 Filed 10/29/26 Page 2 of 5



will have to begin, and nearly complete, fact and expert discovery before the Court decides whether this case belongs here at all.

Although briefing on the Motion is closed, no hearing is scheduled. Defendants understand that the initial pretrial conference previously set for November 5, 2026, has been canceled. Under the Court's Order Scheduling an Initial Pretrial Conference, the initial conference is canceled automatically once a conforming case management plan is approved, and "[i]f a motion has been filed either before or after the case management plan is approved, and the parties desire a conference, a letter must be submitted to the Court via ECF specifically asking that the initial conference not be canceled." ECF No. 24 ¶ 2. The Court approved the Civil Case Management Plan on September 6, 2026. ECF No. 44. Defendants then asked that the conference remain on the calendar to hear oral argument on the Motion or, alternatively, that the Court schedule oral argument after briefing closed, and the Court declined to schedule the conference. ECF Nos. 52, 53. The Court has not otherwise requested oral argument.

Rule 26(c)(1) authorizes the Court, for good cause, to protect a party from undue burden or expense by forbidding or limiting discovery. Fed. R. Civ. P. 26(c)(1). Rule 16(b)(4) separately permits modification of a scheduling order for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4). A pending motion to dismiss does not automatically stay discovery, but courts in this District routinely find good cause for a stay when the motion raises substantial, potentially dispositive grounds; discovery would be broad and burdensome: and the non-moving party will not suffer unfair prejudice. *See Borjas v. N.Y.C. Dep't of Educ.*, No. 23-cv-02844, 2025 WL 3227476, at *1 (S.D.N.Y. Nov. 19, 2025); *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013); *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002). The Court also has inherent authority to control its docket "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96-97 (2d Cir. 2012). Under any formulation, a stay is warranted here.

First, the Motion is not a placeholder Rule 12 motion. It raises three threshold, potentially case-ending grounds: enforcement of a Quebec forum-selection clause through *forum non conveniens*, dismissal for lack of personal jurisdiction under Rule 12(b)(2), and dismissal of Plaintiff's remaining claims under Rule 12(b)(6). ECF No. 49 at 5-25. Defendants have shown that Section 16 of the parties' agreements provides that the parties "irrevocably submit[] to the exclusive jurisdiction" of the courts of Quebec for proceedings arising out of or relating to those agreements. ECF No. 61 at 1-5. Plaintiff, a Quebec corporation headquartered in Montreal, drafted that clause and required LH Topco to sign it, so any ambiguity is construed against Plaintiff under Quebec law. ECF No. 49 at 8; ECF No. 61 at 3. Even under Plaintiff's own articulation of Quebec law, Section 16 has the hallmarks of a mandatory forum clause because it submits the parties irrevocably to the exclusive jurisdiction of Quebec courts. ECF No. 61 at 2. A valid forum-selection clause identifying a foreign forum is enforced through forum non conveniens and generally controls "in all but the most unusual cases." *Atl. Marine Constr. Co. v. U.S. Dist. Court*, 571 U.S. 49, 60-61, 63, 66 & n.8 (2013).

Case 1:26-cv-05857-CM Document 64 Filed 10/29/26 Page 3 of 5



That forum-selection issue alone can end the case before any jurisdictional discovery is needed. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425, 431-32, 436 (2007). Defendants have also shown that the First Amended Complaint does not plead Defendant-specific contacts sufficient to establish personal jurisdiction in New York, that the New York contacts Plaintiff invokes are Plaintiff's contacts rather than Defendants' contacts, and that Plaintiff's proposed jurisdictional discovery would not change the contractual forum analysis. ECF No. 61 at 5-10. Plaintiff's own declarant says he moved to New York only in March 2023, after the 2022 agreement was negotiated and signed, after the data room was accessed, and after the transaction discussions ended. *Id.* at 7. The Motion also challenges the legal sufficiency of each substantive claim, including Plaintiff's copyright, trade secret, and unfair competition counts. *Id.* at 10; ECF No. 49 at 19-25. A ruling for Defendants would eliminate discovery altogether, including Plaintiff's requested jurisdictional discovery.

Second, the burden is concrete, not theoretical. Plaintiff seeks jurisdictional discovery into the organizational structure, operations, and nationwide contacts of five affiliated entities, including three foreign Defendants organized in Luxembourg, Germany, and the United Kingdom. ECF No. 61 at 9-10; ECF No. 49 at 2-3. That discovery would require the collection and review of corporate records, communications, and electronically stored information maintained by multiple entities in several jurisdictions, potentially implicating foreign data-protection regimes. Merits discovery would go further still, into acquisition discussions, the contents and alleged use of a 2022 data room, alleged trade secrets, copyrighted materials, internal communications, and conduct involving foreign entities and witnesses. And because Plaintiff's expert reports are due December 15, 2026, Defendants' expert reports are due January 15, 2027, and all discovery closes February 6, 2027, the parties would have to compress that work into the next several weeks. ECF No. 44 ¶¶ 7-8. That work disappears if the Court enforces the Quebec forum clause, dismisses for lack of personal jurisdiction, or dismisses the claims on the pleadings.

Your Honor's Individual Practices confirm why Defendants are moving now. The Court does not routinely extend discovery deadlines, and it warns parties not to wait until the end of discovery to serve discovery requests or schedule depositions. Defendants have not waited; they seek relief before discovery has started and before the first deadline has passed. Courts in this District recognize that a stay is appropriate when discovery would consume resources on issues that may be eliminated or substantially narrowed by a pending motion to dismiss. *See HAHA Global, Inc. v. Barclays*, No. 19-cv-04749, 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020) (staying discovery where disposition of dismissal motions could "significantly narrow, if not eliminate, the issues remaining in the case"); *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002); *Johnson*, 205 F.R.D. at 434. Judicial economy is served for the same reason: if discovery proceeds, the Court and the assigned Magistrate Judge may be asked to manage jurisdictional and merits discovery directed to foreign entities in a case that may belong in Quebec. That is the wrong sequence.

Third, a limited stay will not unfairly prejudice Plaintiff. The Motion has been fully briefed since October 19, 2026. ECF No. 61. The requested stay is narrow and tied to the Court's resolution of an already-submitted dispositive motion. This case is still at the starting line: no

Case 1:26-cv-05857-CM Document 64 Filed 10/29/26 Page 4 of 5



discovery requests have been served, no depositions have been noticed, and initial disclosures have not been exchanged. Plaintiff has not identified evidence at imminent risk of loss, time-sensitive injunctive relief, or any other concrete prejudice from a temporary pause. Nor can Plaintiff claim prejudice from awaiting a ruling on whether it must litigate in the Quebec forum it selected. If the case remains here, discovery can proceed fourteen days after the Court rules; if it does not, the stay will have avoided needless expense for the parties and unnecessary work for the Court.

Alternatively, if the Court declines to stay this action, Defendants request a ninety-day extension of each remaining case deadline. That alternative relief independently satisfies Rule 16(b)(4) and Paragraph 14 of the Civil Case Management Plan. A scheduling order may be modified only for good cause and with the judge's consent, and the good-cause inquiry focuses on diligence. Fed. R. Civ. P. 16(b)(4); *see Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); ECF No. 44 ¶ 14. Defendants have been diligent: they moved to dismiss on September 18, 2026, weeks before their agreed October 22 answer deadline; completed briefing on October 19, 2026, before that answer deadline passed; and are seeking relief before any discovery deadline has passed. Under the proposed extension, Rule 26(a) disclosures would be due February 3, 2027; joinder and amendment would close March 5, 2027; Plaintiff's expert reports would be due March 15, 2027; Defendants' expert reports would be due April 15, 2027; all discovery would be completed by May 7, 2027; and the joint pretrial order would be due June 21, 2027.

For these reasons, Defendants respectfully request that the Court stay all discovery and case deadlines until fourteen days after the Court decides Defendants' Motion to Dismiss. If the Court declines a stay, Defendants respectfully request that the Court extend each remaining deadline in the Civil Case Management Plan by ninety days as set forth above. That relief will preserve the schedule if the case remains here, without forcing the parties and the Court into burdensome discovery that the pending Motion may make unnecessary. We thank the Court for its attention to this matter.

Very truly yours,

/s/ Tammy J. Terry

Tammy J. Terry (pro hac vice)
Lisa E. Margonis (pro hac vice)
Erik Janitens (pro hac vice)
NELSON MULLINS RILEY & SCARBOROUGH LLP
1111 Bagby Street, Suite 2100
Houston, Texas 77002
Telephone: (346) 646-5389
tammy.terry@nelsonmullins.com
lisa.margonis@nelsonmullins.com
erik.janitens@nelsonmullins.com

Case 1:26-cv-05857-CM Document 64 Filed 10/29/26 Page 5 of 5



Ashley B. Summer
NELSON MULLINS RILEY & SCARBOROUGH LLP
330 Madison Avenue, 27th Floor
New York, New York 10017
ashley.summer@nelsonmullins.com

***Attorneys for Defendants***